IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TROYCE T. BRANINBURG,　　　　　　　　　　No. C 08-04562 CW (PR)

　　　　Plaintiff,　　　　　　　　　　　　ORDER OF SERVICE

　　v.

MONTEREY COUNTY, et al.,

　　　　Defendants.
_____/

　　　　Plaintiff Troyce T. Braninburg, currently incarcerated at Coalinga State Hospital, filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional rights violations.  Plaintiff has paid the full filing fee.[1]

　　　　The Court conducted an initial screening of the complaint pursuant to 28 U.S.C. § 1915A(a).  Plaintiff asserted that jail officials and medical staff at the Monterey County Jail (MCJ) were deliberately indifferent to his medical needs.  The following background was taken from the Court's July 1, 2009 Order:

> According to the allegations in the complaint, between May 1, 2007 and December 10, 2007, Plaintiff was held as a civil detainee at the Monterey County Jail.  (Compl. at 3.)  During this time, Plaintiff alleges he did not receive HIV/AIDS medications for four months, and he spent "the entire time in a unsanitary cell with little or no medical attention."  (Id.)  Plaintiff alleges he "became ill and built up resistance to current . . .

---

[1] Plaintiff was granted leave to proceed in forma pauperis (IFP) on November 24, 2008.  Plaintiff subsequently filed a motion for reconsideration of the terms of the Court's Order granting Plaintiff IFP status on terms applicable to prisoners.  Plaintiff argued that because he was in custody pending an involuntary civil commitment proceeding pursuant to the Sexually Violent Predators Act (SVPA), he was a civil detainee.  The Court granted Plaintiff's motion and allowed him to complete a non-prisoner IFP application.  (Jul. 1, 2009 Order at 4.)  However, Plaintiff had actually paid the full filing fee on February 27, 2009.

> meds . . . [and] deteriorated medically-mentally." (Id.) Plaintiff also alleges that he filed numerous grievances, which were never addressed or returned. FN. (Compl. at 1.)
>
> Plaintiff names the "Monterey County District Attorney's Office" and the "Monterey County Jail Staff as correctional and medical staff" as defendants in this case. He seeks monetary damages.
>
> FN. Plaintiff contends he has filed administrative appeals (grievances) on this issue which have never been answered. It thus appears he has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). If the allegations that his appeals have not been answered are true, however, it may be that administrative remedies are not "available" within the meaning of the statute. This is an issue better resolved at a later stage of the case.

(July 1, 2009 Order at 1-2 (footnote in original).) The Court found that Plaintiff's allegations presented a cognizable deliberate indifference claim. However, the Court determined that he failed to allege facts identifying which individuals violated his constitutional rights. (Id. at 7.) Plaintiff named "Monterey County Jail Staff"; however, he failed to name any specific defendants. The Court informed Plaintiff that there "is no respondeat superior liability in Section 1983 cases; therefore, jail staff cannot be held liable simply because they are in charge of the jail." (Id.) The Court further noted that a supervisor generally may be liable under § 1983 only "upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." (Id.) The Court dismissed Plaintiff's claim with leave to amend, stating: "Plaintiff may file an amended complaint that names specific defendants who violated his constitutional rights, or that alleges supervisory liability under the standards explained above, or both." (Id.) The Court granted Plaintiff thirty days to file an

amended complaint to cure the pleading deficiencies, or to suffer dismissal of the action.

Plaintiff subsequently filed an amended complaint. He names the following Defendants: Monterey County Sheriff Mike Kanalakis; MCJ Commander Barrera; and MCJ Director of Medical Services Taylor Fithian, M.D. He also names the following as Doe Defendants: three MCJ sergeants, twelve MCJ deputies; and MCJ Isolation Unit supervisors and deputies.

DISCUSSION

Plaintiff alleges that Defendant Fithian "was deliberately indifferent to Plaintiff's medical needs." (Am. Compl. at 3.2.3.) The Court finds that Plaintiff has stated a cognizable claim against Defendant Fithian.

Plaintiff claims that Defendants Kanalakis and Barrera failed "to adequately train and supervise [their] subordinate deputies . . . who were deliberately indifferent to Plaintiff's medical needs." (Am. Compl. at 3.2.1 and 3.2.2.)[2]

"'Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.'" Preschooler II v. Davis, 479 F.3d 1175, 1183 (9th Cir.

---

[2] Plaintiff's amended complaint includes two attachments to page "3." The first of these attachments includes four pages; therefore, the Court will refer to these four pages as "3.1.1" through "3.1.4." The second of these attachments includes three pages; therefore, the Court will refer to these three pages as "3.2.1" through "3.2.3."

3

2007) (citations omitted). Therefore, the Court finds that Plaintiff has stated a cognizable claim for supervisory liability against Defendants Kanalakis and Barrera.

In his amended complaint, Plaintiff also presents new claims. Plaintiff states that a variety of the conditions of his confinement at the MCJ violated his Fourth and Fourteenth Amendment rights as a civil detainee under the Sexually Violent Predators Act (SVPA). Plaintiff alleges that as a civil detainee in custody pending a Sexually Violent Predator Commitment Proceeding, "he was entitled to more considerate conditions of confinement in Monterey County Jail and the actions of the Defendants were punitive in nature." (Am. Compl. at 3.1.3.) Among his conditions of confinement, Plaintiff complains of excessive "solitary confinement," mechanical restraints during transport, inadequate bedding, routine withholding of meals, and limited access to telephones and visiting privileges. (Id. at 3-3.1.3.) Plaintiff also contends that he was "illegally strip search[ed] upon entering [MCJ]." (Id. at 3.1.4.)

There is no per se prohibition on housing sexually violent predators (SVPs) in facilities, such as county jails, where criminal detainees or convicts are also housed. In Jones v. Blanas, the Ninth Circuit declined to hold that SVPs may not, consistent with the Constitution, be held in jail facilities, finding instead that the dispositive question when assessing an SVP's constitutional challenge to his conditions of confinement is whether those conditions are punitive. 393 F.3d 918, 932 (9th Cir. 2004). A restriction is punitive where it is intended to punish, or where it is excessive in relation to its non-punitive purpose,

or is employed to achieve objectives that could be accomplished in alternative and less harsh methods. Id. at 933-34 (citations omitted). The conditions and duration of confinement must "bear some reasonable relation" to legitimate, non-punitive government interests." Hydrick v. Hunter, 500 F.3d 978, 997 (9th Cir. 2007) (internal quotation and citation omitted). Legitimate, non-punitive government interests include ensuring a detainee's presence at trial, maintaining jail security, and effective management of a detention facility. Jones, 393 F.3d at 932. Further, individuals who have not yet been civilly committed at trial under the SVPA are entitled to protections at least as great as those afforded to civilly committed individuals and to individuals accused but not convicted of a crime. Id. at 931-32. For such individuals, a presumption of punitive conditions arises where the individual is detained under conditions identical to, similar to, or more restrictive than those under which pretrial criminal detainees are held, or where the individual is detained under conditions more restrictive than those he or she would face upon commitment. Id. at 934; cf. Hydrick, 500 F.3d at 997 (after trial and civil commitment under SVPA, presumption switches, and conditions of confinement are presumed non-punitive unless proven otherwise). The government must be afforded an opportunity to rebut this presumption by showing legitimate, non-punitive interests justifying the conditions of detainees awaiting SVPA proceedings, and to show that the restrictions imposed on such detainees were not excessive in relation to these interests. See Jones, 393 F.3d at 934-35.

Here, Plaintiff claims that his conditions of confinement were "worse than those of the overwhelming majority of criminal process prisoners held in [MCJ]." (Am. Compl. at 3.1.1.) He alleges that Defendants' actions "were punitive in nature." (Id. at 3.1.3.) Accordingly, Plaintiff states cognizable Fourth and Fourteenth Amendment claims against Defendants Kanalakis, Barrera and Fithian.

Plaintiff names multiple Doe Defendants in his amended complaint. The use of Doe Defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against the Doe Defendants are DISMISSED from this action without prejudice. Should Plaintiff learn their identities through discovery or otherwise, he may move to file an amendment to the complaint to add them as named defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable claim for deliberate indifference to his serious medical needs against Defendant Fithian.

2. Plaintiff states cognizable supervisory liability claims against Defendants Kanalakis and Barrera.

3. Plaintiff states cognizable Fourth and Fourteenth

1 Amendment claims against Defendants Kanalakis, Barrera and Fithian.

2     4. Plaintiff's claims against the Doe Defendants are
3 DISMISSED from this action without prejudice.

4     5. The Clerk of the Court shall mail a Notice of Lawsuit and
5 Request for Waiver of Service of Summons, two copies of the Waiver
6 of Service of Summons, a copy of the complaint (docket no. 1), the
7 amended complaint (docket no. 9) and all attachments thereto along
8 with a copy of this Order to: <u>Monterey County Sheriff Mike
9 Kanalakis; MCJ Commander Barrera; and MCJ Director of Medical
10 Services Taylor Fithian, M.D.</u> The Clerk shall also mail copies of
11 these documents to the Attorney General of the State of California.
12 In addition, the Clerk shall serve a copy of this Order on
13 Plaintiff.

14     6. Defendants are cautioned that Rule 4 of the Federal Rules
15 of Civil Procedure requires them to cooperate in saving unnecessary
16 costs of service of the summons and complaint. Pursuant to Rule 4,
17 if Defendants, after being notified of this action and asked by the
18 Court, on behalf of Plaintiff, to waive service of the summons,
19 fail to do so, they will be required to bear the cost of such
20 service unless good cause be shown for their failure to sign and
21 return the waiver form. If service is waived, this action will
22 proceed as if Defendants had been served on the date that the
23 waiver is filed, except that pursuant to Rule 12(a)(1)(B),
24 Defendants will not be required to serve and file an answer before
25 <u>sixty (60) days</u> from the date on which the request for waiver was
26 sent. (This allows a longer time to respond than would be required
27 if formal service of summons is necessary.) Defendants are asked
28 to read the statement set forth at the foot of the waiver form that

7

more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

    7. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

        a. No later than <u>ninety (90) days</u> from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

        b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute

> about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

  c. If Defendants wish to file a reply brief, they shall do so no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

  d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion

9

unless the Court so orders at a later date.

8. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

9. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion

11. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 1/25/10

CLAUDIA WILKEN
United States District Judge

|  |  |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE NORTHERN DISTRICT OF CALIFORNIA |

TROYCE T. BRAININBURG,

        Plaintiff,

v.

MONTEREY COUNTY et al,

        Defendant.

Case Number: CV08-04562 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 25, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Troyce Tabatha Braninburg 754-2
Coalinga State Hospital
24511 Jayne Avenue
P.O. Box 5003
Coalinga, CA 93210

Dated: January 25, 2010

                        Richard W. Wieking, Clerk
                        By: Sheilah Cahill, Deputy Clerk